**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

LONNIE BENEFIELD,

   Plaintiff-Appellee,

v.

C.O. McDOWALL, in her individual
and official capacities,

   Defendant-Appellant.

No. 00-1097

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 98-S-739)

Lonnie Benefield, pro se.

Thomas L. Strickland, U.S. Attorney, and Martha A. Paluch, Assistant U.S.
Attorney, Denver, Colorado, for Defendant-Appellant.

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

**KELLY** , Circuit Judge.

  After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant C. O. McDowall appeals the district court's ruling denying her qualified immunity in this action brought by Plaintiff-Appellee Lonnie Benefield pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Specifically, Ms. McDowall contends that the district court erred in denying her motion to dismiss Plaintiff's complaint alleging that she had labeled him a "snitch," thus exposing him to harm at the hands of other inmates. We have jurisdiction pursuant to 28 U.S.C. § 1291, *see Johnson v. Jones*, 515 U.S. 304, 311-12 (1995), and we affirm.

## I.

On April 1, 1998, Plaintiff, while incarcerated at the United States Penitentiary in Florence, Colorado,[1] filed his original complaint against Warden Joel H. Knowles, Correctional Officer McDowall, and a Bureau of Prisons employee, Mr. Feltz. In his complaint, Plaintiff alleged that he was disciplined and placed in administrative segregation in January 1998 by Mr. Knowles and Mr. Feltz, based on false charges brought by Ms. McDowall. On May 4, 1998, the district court dismissed the claims against Mr. Knowles and Mr. Feltz as legally

---

[1]     Plaintiff subsequently was transferred to the United States Penitentiary in Atlanta, Georgia in late 1998.

frivolous and ordered Plaintiff to file an amended complaint identifying and clarifying his claims against Defendant McDowall.

On September 1, 1998, Plaintiff filed an amended complaint alleging that Ms. McDowall labeled him a "snitch" to other inmates, conspired to have him attacked or killed by other inmates because of his reputation as a snitch, and filed a false incident report resulting in his discipline and placement in administrative segregation. Ms. McDowall filed a motion to dismiss Plaintiff's claims against her in her official capacity based on sovereign immunity, and to dismiss Plaintiff's claims against her in her individual capacity for failure to state a claim upon which relief can be granted and on qualified immunity grounds.

On December 10, 1999, the magistrate judge recommended that Ms. McDowall's motion be granted as to Plaintiff's claims against her in her official capacity, but denied as to Plaintiff's claims against her in her individual capacity. In so recommending, the magistrate judge relied on this court's decision in *Northington v. Marin*, 102 F.3d 1564 (10th Cir. 1996), to find that labeling a prisoner a snitch violates a prisoner's constitutional rights under the Eighth Amendment, and that the law was clearly established in this circuit at the time the alleged offense occurred. Following consideration of the objections of both parties and de novo review, the district court issued an order adopting the recommendations of the magistrate judge. In its order, the district court

-3-

concluded that Plaintiff's allegation that Ms. McDowall deliberately exposed him to harm at the hands of other inmates by labeling him a snitch stated an Eighth Amendment violation which "[a]t this stage of the proceedings . . . survives [McDowall's] assertion of qualified immunity." Aplt. Br., Att. 1 at 5. For the following reasons, we agree.

**II.**

A denial of qualified immunity that accepts the plaintiff's version of the facts and concludes that given those facts, the defendant violated clearly established law is immediately appealable because it presents for appellate review an abstract legal issue, rather than a mere factual dispute. *Johnson v. Martin*, 195 F.3d 1208, 1214-15 (10th Cir. 1999). We review the denial of a Rule 12(b)(6) motion to dismiss de novo, applying the same standard as the district court. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). "We accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Ramirez v. Dep't of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000) (citation omitted). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). We no longer apply a "heightened pleading standard" to Plaintiff's

complaint even though Ms. McDowall has asserted a defense of qualified immunity. *See Currier v. Doran,* Nos. 99-2287, 99-2288, 2000 WL 202045, at ___ (10th Cir. Mar. 1, 2001). The issue before us is whether the allegations in the complaint establish the violation of a constitutional right, and if so, whether that right was clearly established. *See Siegert v. Gilley,* 500 U.S. 226, 232 (1991).

## III.

In his amended complaint, Plaintiff asserted that Ms. McDowall put him in danger of attack or even death at the hands of other inmates by circulating rumors that he was a snitch and by showing other inmates a letter he allegedly wrote, indicating that he was giving information to the prison investigations staff. He further alleged that Ms. McDowall fabricated an incident report accusing Plaintiff of engaging in a sexual act, resulting in his placement in administrative segregation. [2]

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted, alteration in original). "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.*

---

[2] This latter claim was dismissed by the district court as failing to state a claim. Plaintiff does not appeal this decision.

at 828 (internal quotations omitted). In *Farmer*, the Supreme Court clarified the "deliberate indifference" standard, explicitly rejecting a purely objective test and holding that the Eighth Amendment deliberate indifference standard has a subjective component. *Id.* at 837. A prison official who "knows of and disregards an excessive risk to inmate health or safety" is deliberately indifferent for these purposes. *Id*. Therefore, in order to establish a cognizable Eighth Amendment claim for failure to protect, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm," the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component. *Id.* at 834; *see also Northington*, 102 F.3d at 1567.

There is no dispute that the law in this circuit addressing this issue was well-established at the time of defendant's conduct. In *Northington*, we specifically held that labeling an inmate a snitch satisfies the *Farmer* standard, and constitutes deliberate indifference to the safety of that inmate. *Northington,* 102 F.3d at 1567. Other circuits have also recognized that labeling an inmate a snitch has the potential for great harm and may violate constitutional guarantees. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (reversing grant of summary judgment for defendants where inmate produced evidence tending to show prison officials called him a snitch in order to subject

him to life-threatening retaliation by other inmates); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984) (per curiam) (holding that claim that prison officials labeled inmate a snitch, thereby exposing him to inmate retaliation, could not be dismissed before service); *Gullatte v. Potts*, 654 F.2d 1007, 1012 (5th Cir. 1981) (remanding Eighth Amendment snitch claim to determine whether defendant knew or should have known danger associated with snitch label and whether defendant took reasonable steps to protect inmate from that danger); *see also Reece v. Groose*, 60 F.3d 487, 488 (8th Cir. 1995) (recognizing that reputation as a snitch places inmate "at a substantial risk of injury at [other inmates'] hands"). Therefore, if we accept as true Plaintiff's allegations that Ms. McDowall labeled him a snitch, that the label was communicated to other inmates, and that she was aware of the obvious danger associated with a reputation as a snitch, clearly established law provides that Ms. McDowall violated Plaintiff's constitutional rights under the Eighth Amendment.

The government attempts to distinguish *Northington* by arguing that it turns on the fact that the inmate actually was assaulted after being labeled a snitch. *E.g.* Aplt Br. at 8; *see also Dawes v. Walker,* No. 99-252, 2000 WL 109374, at * 5 (2d Cir. Feb. 8, 2001). According to the government, "extreme deprivations are required to make out a conditions-of-confinement claim," Aplt. Br. at 13 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)), and the mere risk of harm by other

-7-

inmates is insufficient to state an Eighth Amendment claim. Further, absent physical attacks or threats by other inmates, the government contends that labeling an inmate a snitch is merely "an assertion of verbal harassment." Aplt. Br. at 13. The government relies upon a line of Seventh Circuit cases holding that "psychological injury" caused by living in fear of other inmates is not compensable under the Eighth Amendment. *See Doe v. Welborn*, 110 F.3d 520, 523-24 (7th Cir. 1997); *Babcock v. White,* 102 F.3d 267, 272-73 (7th Cir. 1996).

Suffering physical assaults while in prison is not "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Thus, our holding is not inconsistent with the *Hudson* Court's statements that "extreme deprivations" are required for a conditions-of-confinement claim and that "routine discomfort" or deliberate indifference to non-serious medical needs will not constitute an Eighth Amendment violation. *Hudson,* 503 U.S. at 9. In order to satisfy the objective component of an Eighth Amendment violation, an inmate must therefore show "that he is incarcerated under conditions posing a <u>substantial risk of serious harm</u>." *Farmer,* 511 U.S. at 834 (emphasis added).

The Supreme Court has rejected the notion that the Eighth Amendment does not reach official conduct that "is sure or very likely to cause" serious injury at the hands of other inmates. *Helling v. McKinney,* 509 U.S. 25, 33 (1993) ("We

-8-

have great difficulty agreeing that prison authorities may not be deliberately indifferent to an inmate's current health problems but may ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year."); *accord Ramos v. Lamm,* 639 F.2d 559, 572 (10th Cir. 1980) ("[A]n inmate does have a right to be reasonably protected from constant threats of violence and sexual assaults from other inmates. Moreover, he does not need to wait until he is actually assaulted before obtaining relief.") (citations omitted); *Woodhous v. Virginia,* 487 F.2d 889, 890 (4th Cir. 1973) (same). The government's argument that the mere risk of harm is insufficient to establish the objective component of an Eighth Amendment violation is precisely the position taken by the dissent in *Helling v. McKinney. See* 509 U.S. at 37 (Thomas, J., dissenting).

There is no question that damages are possible where an inmate has been assaulted due to being labeled as a snitch. *Northington,* 102 F.3d at 1567. The more difficult question is whether damages will lie in the absence of physical injury. Though injunctive relief will surely lie, *see Helling,* 509 U.S. at 33, we believe that a violation of the Eighth Amendment does not turn on the type relief sought. [3] Moreover, we are in accord with Justice Blackmun's views in *Hudson v.*

---

[3] The government does not argue that damages are barred by 42 U.S.C. § 1997e(e), which provides that a federal civil action may not be brought by an

(continued...)

-9-

*McMillian,* 503 U.S. at 16-17 (Blackmun, J., concurring in the judgment), that the Eighth Amendment may be implicated not only to physical injury, but also by the infliction of psychological harm. The actual extent of any physical injury, threats or psychological injury is pertinent in proving a substantial risk of serious harm. At this point, construing Plaintiff's pro se pleadings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we hold that the district court was correct in finding the Plaintiff's allegations sufficient to survive Ms. McDowall's motion to dismiss based on qualified immunity.

AFFIRMED.

---

[3](...continued)
inmate "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Perkins v. Kansas Dep't of Corrections,* 165 F.3d 803, 808 n.6 (10th Cir. 1999) (suggesting that § 1997e(e) would not bar nominal or punitive damages in a constitutional tort case).