**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RUSSELL BERGER,

      Plaintiff-Appellant,

v.

SUE WHITE, individually and in
her official capacity; SHERIFF'S
EMPLOYEE C-9737, in his individual
and official capacity,

      Defendants-Appellees.

No. 00-1413
(D.C. No. 00-M-935)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Russell Berger, a pretrial detainee in the Arapahoe County Detention Facility in Englewood, Colorado, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights claims under Fed. R. Civ. P. 12(b)(6).  We affirm in part and remand in part.

Berger's complaint alleged that defendant employees of the detention facility violated his First, Sixth, and Fourteenth Amendment rights by (1) placing restrictions on his outgoing legal mail; (2) opening his incoming legal mail on one occasion; (3) opening his mail from Columbia Law School and the American Civil Liberties Union and delivering the contents but not the envelopes; (4) returning a catalog to the sender on the grounds that it was not pre-approved; and (5) denying his request to receive subscription copies of a newspaper and news magazine.

Defendants moved for dismissal on two grounds:  failure to state a claim upon which relief can be granted and qualified immunity.  In briefing defendants' motion, the parties submitted additional materials for the court's consideration. The district court declined to consider these materials, however, and addressed the complaint solely for sufficiency under Fed. R. Civ. P. 12(b)(6).  The court

determined Berger's complaint was insufficient as a matter of law and dismissed the action. [1]

## Standard of Review

We review the denial of a Rule 12(b)(6) motion to dismiss *de novo*, applying the same standard as the district court, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff. Benefield v. McDowall, 241 F.3d 1267, 1270 (10th Cir. 2001). "A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. (quotations and citations omitted).

---

[1]     The district court's dispositive ruling dealt with Berger's amended complaint. In earlier proceedings, the district court issued an order directing Berger to file an amended complaint that "clarifies the claim for relief that he is asserting, the personal participation of each defendant, and the acts each defendant allegedly committed." R., doc. 9 at 3. After reviewing the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B) for allegations of personal participation, the court dismissed the claims against defendants Patrick Sullivan, Jr. (Arapahoe County Sheriff) and Captain Bay. Id., doc. 16 at 3.

Berger attempts to raise issues on appeal which relate to Sullivan and Bay. In spite of the district court's specific instructions, Berger's amended complaint failed to allege an affirmative link between the alleged constitutional violations and these defendants. Accordingly, the district court properly dismissed the claims against Sullivan and Bay. See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir.1996) (stating that supervisors are not liable under § 1983 for the acts of their subordinates, absent personal participation, control or direction, or failure to supervise).

> In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. Further, we must liberally construe the allegations of a pro se complaint.

Hunt v. Uphoff, 199 F.3d 1220, 1223 (10th Cir. 1999).

## Discussion

Section 1983 provides for a civil cause of action against any person who, under color of state law, deprives the plaintiff of his or her "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Thus, the issue before us is whether the allegations in the complaint establish a violation of a constitutional right.

As the district court determined, the majority of Berger's allegations fail to rise to the level of a constitutional violation. Concerning Berger's outgoing mail, we have concluded that prisoners need not be provided "with an unlimited right to free postage in connection with the right of access to the courts. Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations." Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir. 1978) (citations omitted). Moreover, isolated incidents of opening constitutionally protected legal mail, "without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts," do not support a civil rights claim. Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). Finally,

-4-

a "complaint about undelivered catalogues fails to raise an issue of constitutional magnitude." Id.

However, Berger's final claim, alleging interference with his right of access to subscription news publications, is sufficient to survive scrutiny under Rule 12(b)(6). There is a legitimate First Amendment interest in communication between publishers and inmates "who, through subscription willingly seek [the publishers'] point of view." Thornburgh v. Abbott, 490 U.S. 401, 408 (1989). "In the First Amendment context, [however], some rights are simply inconsistent with the status of a prisoner or 'with the legitimate penological objectives of the corrections system.'" Shaw v. Murphy, 121 S. Ct. 1475, 2001 WL 387410, *3 (2001) (quoting Pell v. Procunier, 417 U.S. 817, 822 (1974)).

In balancing the inmates' interests against those of correctional institutions seeking to regulate the flow of subscription publications, a court is to consider: (1) "whether the governmental objective underlying the regulations at issue is legitimate and neutral, and [whether] the regulations are rationally related to that objective," Thornburgh, 490 U.S. at 414; (2) "whether there are alternative means of exercising the right that remain open to prison inmates," id. at 417; and (3) "the impact that accommodation of the asserted constitutional right will have on others (guards and inmates) in the prison," id. at 418.

Berger's complaint alleges that defendants refused his request for subscription copies of Newsweek and the Rocky Mountain News, citing the jail handbook as authority for their decision. See R., doc. 12 at 4. Liberally construing Berger's pro se filing, we cannot conclude that he failed to allege sufficient facts to state a First Amendment claim.[2] The district court therefore erred in dismissing this claim under Fed. R. Civ. P. 12(b)(6).

## Conclusion

For the reasons stated above, this court AFFIRMS in part, REVERSES in part, and REMANDS to the district court for further proceedings consistent

---

[2] In the filed materials which the court declined to consider, there is information relating to the merits of Berger's First Amendment claim. Berger contends that he has no access to newspapers and news magazines. See R., Doc. 27 at 7-8. In reply, defendants submitted an affidavit stating that news publications are readily available to Berger, primarily in his pod's dayroom. Id., Doc. 31, Ex. C at 2-5. On remand, it will be the district court's task to determine the significance of this apparent factual dispute under the three-prong Thornburgh test.

Additionally, defendants' affidavit states that, after commencement of this action, they authorized Berger's subscription to Newsweek. Although this action will affect the extent of Berger's claim for injunctive relief, it does not moot his claim for damages. See Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997).

with this order and judgment. Berger's request for in forma pauperis status is GRANTED.

Entered for the Court


Michael R. Murphy
Circuit Judge