**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRIAN L. BROWN,

      Plaintiff-Appellant,

v.

DON NARVAIS,

      Defendant-Appellee.

No. 07-6120
(D.C. No. 06-CV-228-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

This prison civil rights action arises out of events at the Oklahoma Federal

Transfer Center (OFTC) where, recovering from an assault at another facility,

plaintiff was temporarily placed while awaiting reassignment. An emergency

arose and he was held for a short time with another inmate in a double cell. His

complaint alleges that, while returning plaintiff to his single cell, defendant, a

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prison guard, told plaintiff's cell-mate that he would not want to be housed with plaintiff, indicating he would explain later.  Thereafter, the guard disclosed that plaintiff was a child molester, angering the cell-mate and prompting him to spread the information among inmates awaiting transfer out of OFTC to other facilities, including FCI Florence, where plaintiff was to be transferred.  Plaintiff later filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that defendant knowingly exposed him to a risk of serious bodily danger from other inmates, in violation of the Eighth Amendment.  The district court dismissed the action for failure to state a claim and admonished that, absent a successful appeal, the ruling would count as a "strike" under 28 U.S.C. § 1915(g).  Plaintiff appealed and moved for leave to proceed in forma pauperis (IFP).  We grant the IFP motion, reverse the dismissal of the action, and remand for further proceedings.[1]

Without implying any opinion regarding the ultimate determination of this case, we think circuit precedent precludes its dismissal at the pleading stage.  In *Benefield v. McDowall*, 241 F.3d 1267 (10th Cir. 2001), a prisoner alleged his Eighth Amendment rights were violated when a prison guard circulated rumors that he was a "snitch," knowingly putting him in physical danger at the hands of

---

[1]     Although the district court certified the appeal as not taken in good faith under 28 U.S.C. § 1915(a)(3), which states that such an appeal "may not be taken [IFP]," we properly reconsider the matter under Fed. R. App. P. 24(a)(5), grant IFP, and proceed to a review of the merits.  *See Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1078-79 (10th Cir. 2007).

other inmates. *Id.* at 1269-70. This court held that not only had the prisoner stated a claim for relief but that the law supporting the claim was sufficiently well-established to preclude a defense based on qualified immunity:

> [I]f we accept as true Plaintiff's allegations that [a prison guard] labeled him a snitch, that the label was communicated to other inmates, and that [the guard] was aware of the obvious danger associated with a reputation as a snitch, clearly established law provides that [the guard] violated Plaintiff's constitutional rights under the Eighth Amendment.

*Id.* at 1271 (citing illustrative decisions from five circuits, including this court's decision in *Northington v. Marin*, 102 F.3d 1564, 1567 (10th Cir. 1996)). While a different incendiary badge of prison infamy was used here, the same principles apply. The amended complaint[2] alleges that defendant disclosed plaintiff's status as a child molester "knowing . . . that [by] giving that information [he] placed [plaintiff] in a class of inmates subject to serious bodily harm." R. doc. 37 at 2; *see also id.* at 9 (alleging that staff "intentionally placed prisoners in a class of inmates subjected to serious bodily harm" and that defendant did so "knowing what he did was wrong, and knowing it would cause problems"). Taking these allegations as true, as we must at this stage, the conduct and danger complained of here are materially indistinguishable from that in *Benefield*.

---

[2]     Plaintiff's motion for leave to file the amended complaint was denied as moot, but that ruling simply reflects the fact that, under Fed. R. Civ. P. 15(a), he was *entitled* to amend the complaint before defendant filed a responsive pleading. The magistrate judge's recommendation, adopted by the district court, explicitly addressed the allegations of the amended complaint, as do we.

Moreover, just as here, in *Benefield* the disclosure had not yet led to an attack on the plaintiff, but that did not render the pleadings deficient on the objective component of the Eighth Amendment claim, i.e., the existence of a substantial risk of serious harm:

> The Supreme Court has rejected the notion that the Eighth Amendment does not reach official conduct that 'is sure or very likely to cause' serious injury at the hands of other inmates. *Helling v. MicKinney*, 509 U.S. 25, 33 [(1983)] . . . . The government's argument that the mere risk of harm is insufficient to establish the objective component of an Eighth Amendment violation is precisely the position taken by the dissent in *Helling* . . . .
>
> . . . The actual extent of any physical injury, threats or psychological injury is pertinent in *proving* a substantial risk of serious harm. At this point, [however,] construing Plaintiff's pro se pleadings liberally, . . . we hold that . . . Plaintiff's allegations [were] sufficient to survive [a] motion to dismiss based on qualified immunity.

*Id.* at 1272 (emphasis added). *Benefield* did note that the absence of an attack caused by the disclosure raised questions as to the appropriate available remedy, but that did not affect the legal sufficiency of the constitutional claim pled, as "a violation of the Eighth Amendment does not turn on the type [of] relief sought." *Id.*

Following *Benefield*, we must reverse the dismissal of this action. But it is important to clarify the limited import of our disposition. We do not hold that prison personnel may be liable for failing to *prevent* harmful disclosures about a prisoner *from other sources*. Here, as in *Benefield*, the harmful disclosure was

-4-

allegedly made by the prison guard himself. We also do not hold that disclosures of this sort always in fact create an actionable danger to the inmate, regardless of circumstances that might materially affect the consequences of the disclosure, such as protective action by prison authorities or other contingencies that could negate the potential danger involved. We hold only that allegations of a prison officer's deliberate disclosure of dangerous information about an inmate's status are sufficient to state a claim under the Eighth Amendment provided the alleged danger is facially concrete and plausible enough to satisfy basic pleading standards. *See generally Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (discussing and applying *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007)). In that regard, the disclosure of obviously harmful information at a transfer facility–from which it may be expected to (and allegedly has) spread to other prisons where the plaintiff is or may be placed–cannot be summarily discounted as insufficiently dangerous on its face "to raise a right to relief above the speculative level." *Id.* at 1218 (quotation omitted).

Of course, plaintiff may be unable to substantiate his allegations, or defendant may be able to show additional circumstances that negate or neutralize the danger created by the disclosure. In either case, defendant could successfully defend against the suit on summary judgment. Again, consistent with *Benefield*, we simply hold that this action was not subject to dismissal at the pleading stage.

The judgment of the district court is REVERSED and the cause is REMANDED for further proceedings.  Plaintiff's motion for leave to proceed in forma pauperis on appeal is GRANTED.

Entered for the Court

Bobby R. Baldock
Circuit Judge