**April 22, 2008**
**UNITED STATES COURT OF APPEALS**
                                                    **Elisabeth A. Shumaker**
**TENTH CIRCUIT**                                            **Clerk of Court**

GORDON TODD SKINNER,

      Plaintiff - Appellant,

     v.

UNITED STATES BUREAU OF
PRISONS; TIM HARRIS, Tulsa D.A.;
GORDON McALLISTER,  Tulsa County
Judge; JOSEPH SCIBANA, Warden;
OKLAHOMA DEPARTMENT OF
CORRECTIONS; DAVID EDWARD
O'MEILIA, U. S. Attorney; ALLEN
JOHNSTON LITCHFIELD, Assistant
U.S. Attorney; GENE WATKINS,
Detective,

      Defendants - Appellees.

No. 07-6293
(D. Ct. No. 07-CV-00249-HE)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

---

     After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

case is therefore ordered submitted without oral argument.

Appearing pro se, federal prisoner Gordon T. Skinner brings this action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Construed liberally, *see Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007), Mr. Skinner's complaint asserts a failure-to-protect claim under the Eighth Amendment. The magistrate judge issued a thorough report and recommendation dismissing Mr. Skinner's complaint for failure to state a claim upon which relief may be granted and counting the dismissal as a "strike" under 28 U.S.C. § 1915(g). The district court adopted the report and recommendation. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.[1]

## I. DISCUSSION

*Bivens* provides an action for money damages against federal officials who, acting in their individual capacities, violate a person's constitutional rights. *Farmer v. Perrill*, 288 F.3d 1254, 1256 n.1 (10th Cir. 2002). In this case, Mr. Skinner alleges that the defendants failed to protect him from other inmates who consider him a "snitch" and that unidentified prison guards circulated a book to other inmates that identified him as a snitch. "A prison official's deliberate indifference to a substantial risk of serious harm to

---

[1]As an initial matter, we note that Mr. Skinner did not object with specificity to the magistrate judge's recommendation, which generally results in waiver of appellate review of the district court's order adopting the recommendation. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). Because Mr. Skinner appears pro se, however, and the "interests of justice" require review, we will review the order in this case. *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (quotation omitted). "[L]abeling an inmate a snitch satisfies the *Farmer* standard, and constitutes deliberate indifference to the safety of that inmate." *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). Because Mr. Skinner has not alleged that any of the defendants directly participated in any constitutional violation, however, his claim must fail. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) ("[D]irect, personal participation [is] required to establish *Bivens* liability."), *abrogated on other grounds by Jones v. Brock*, 127 S. Ct. 910 (2007). Moreover, to the extent Mr. Skinner seeks an injunction prohibiting certain conduct by federal prison officials, his claim fails because he is no longer in federal custody.

## II. CONCLUSION

The order of the district court is AFFIRMED. The motion to proceed without prepayment of costs or fees is granted. Mr. Skinner is reminded of his continuing obligation to make partial payments of the filing fee until it is paid in its entirety.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

-3-