**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DOUGLAS P. SZYMANSKI,

Plaintiff-Appellant,

v.

MARK BENTON, Natrona County
Sheriff, individually; CORPORAL
RODNEY BIRKLE, Natrona County
Detention Center Officer, individually;
JON CAMPBELL, Natrona County
Commissioner, individually;
LIEUTENANT CLARK, Natrona
County Detention Center Officer,
individually; KATHLEEN DIXON,
Natrona County Commissioner,
individually; MATT KEATING,
Natrona County Commissioner,
individually; CATHY KILLEAN,
Natrona County Commissioner,
individually; NATRONA COUNTY
DETENTION CENTER
COMMANDER/ADMINISTRATOR,
individually; DREW PERKINS,
Natrona County Commissioner,
individually,

Defendants-Appellees.

No. 07-8082
(D.C. No. 2:06-CV-112-WFD)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

(continued...)

Before **McCONNELL**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

Plaintiff Douglas P. Szymanski, proceeding pro se, appeals the district court's entry of summary judgment in favor of defendants on his claims that his Eighth Amendment right to be free from cruel and unusual punishment was violated during his incarceration at the Natrona County Detention Center (hereafter, "detention center") in Casper, Wyoming. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

This appeal concerns only Mr. Szymanski's federal claims against Sheriff Benton and Corporal Birkle in their individual capacities. He has abandoned or waived on appeal any claims he had against the remaining defendants by not raising them in his appellate briefs. *See Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("Issues not raised in the opening brief are deemed abandoned or waived."). In addition, Mr. Szymanski attempted to dismiss these defendants in the district court by filing a notice that he intended voluntarily to dismiss them. R. Vol. II, Doc. 109. Similarly, by electing not to

---

[*](…continued)
therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

raise in his appellate briefs his claim that defendants were deliberately indifferent to his pain and suffering, he has abandoned this claim.

*Background*

Mr. Szymanski's claims arose from an incident occurring at the detention center on December 4, 2005, in which another inmate, Kazell Wallace, entered his cell and assaulted him. Mr. Szymanski asserts that an October 17, 2005, verbal altercation between him and Mr. Wallace should have alerted defendants to keep them separated and, in fact, defendant Birkle entered a keep-separate order which was not enforced. As a result, Mr. Szymanski maintains, Mr. Wallace was housed in a location that permitted the attack on him.

Mr. Szymanski was housed at the detention center from April to December 2005. Mr. Wallace resided there from September 30, 2005, until his short-lived release on November 27, 2005. He was arrested again on December 3, 2005, and placed in a different area than Mr. Szymanski. On December 4, Mr. Wallace's racist cellmate violently refused to be housed with an African American and, as a consequence, Mr. Wallace was moved to a cell near Mr. Szymanski's. Shortly after the move, Mr. Wallace assaulted Mr. Szymanski, who claimed he was seriously injured. Mr. Szymanski sued under 42 U.S.C. § 1983, alleging his Eighth Amendment rights were violated because detention-center personnel did not protect him from Mr. Wallace.

Defendants responded that following the October verbal disagreement, Corporal Birkle decided to move Mr. Wallace to a different location to obviate further conflict. It is undisputed that Mr. Szymanski did not request protection from Mr. Wallace at any time before the December assault, and that there was no trouble between the two between the argument and the assault.

As relevant to the claims pending on appeal, defendants asserted that Mr. Szymanski's claims did not demonstrate deliberate indifference and, further, that they were entitled to qualified immunity. The district court granted defendants' motion for summary judgment, holding that Mr. Szymanski did not present evidence to resist summary judgment on his constitutional claims and that defendants were entitled to qualified immunity.

On appeal, Mr. Szymanski maintains that summary judgment was improper because there remained the following disputed issues of material fact: (1) whether there was long-standing pervasive inmate-on-inmate violence at the detention center; (2) whether Sheriff Benton was aware of the violence but took no action to stop it; and (3) whether there existed a written separation order before the December 2005 assault requiring Mr. Szymanski and Mr. Wallace to be kept apart.[1] He contends that he has established a violation of his constitutional

---

[1] Mr. Szymanski also claims there was a dispute over the extent of his injuries. We need not address this issue, however, because our decision is not based on whether "the alleged injury or deprivation [was] sufficiently serious." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).

-4-

rights, thus resisting summary judgment and demonstrating that defendants are not entitled to qualified immunity. He further contends that the district court erred in denying his motion to compel discovery of detention-center records showing incidents of violence between inmates. In his reply brief, Mr. Szymanski asserts that the district court should have allowed him to amend his complaint.

*Standards of Review*

"We review the grant of summary judgment de novo, applying the same standard the district court should apply under Fed. R. Civ. P. 56(c)." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (quotation omitted). For dispositive issues on which the plaintiff will bear the burden of proof at trial, he must "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted). "[E]vidence, including testimony, must be based on more than mere speculation, conjecture, or surmise. Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (citation and quotations omitted). Because Mr. Szymanski is representing himself, we liberally construe his pleadings; however, we do not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Deliberate Indifference*

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (quotation omitted). Not every injury suffered by a prisoner, however, gives rise to constitutional liability. *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). "To establish a cognizable Eighth Amendment claim for failure to protect an inmate from harm by other inmates, the plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) (quotation and brackets omitted). Under the subjective component, the official must "actually be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Tafoya*, 516 F.3d at 916 (quotation omitted). If the official was unaware of the risk, "no matter how obvious the risk or how gross his negligence in failing to perceive it," his failure to alleviate it "is not an infliction of punishment and therefore not a constitutional violation." *Id.* Furthermore, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

We determine that Mr. Szymanski failed to adduce sufficient evidence of the subjective component to survive summary judgment. He primarily relies on an internal detention-center document indicating that he and Mr. Wallace were to be kept apart by the designation "keep separate active." R. Vol. II, Doc. 123, Ex. 1. Mr. Szymanski maintains that the "keep separate active" designation was placed on his file following the October verbal incident, while Corporal Birkle explains that the designation was not added until after the December assault. Even if Mr. Szymanski is correct, the allegation that Corporal Birkle violated a prison rule does not state a cognizable claim under § 1983, "which establishes a cause of action only for deprivation of rights secured by the Constitution or federal law." *Trujillo v. Williams*, 465 F.3d 1210, 1214 n.2 (10th Cir. 2006).

Moreover, the "keep separate active" designation does not demonstrate Corporal Birkle's awareness that Mr. Wallace posed a physical risk to Mr. Szymanski. Corporal Birkle stated that in October he separated the two inmates after he observed them arguing during a meal, but that their voices were not raised, none of the other inmates appeared to notice the exchange, and he did not observe anything indicating a physical threat to Mr. Szymanski. R. Vol. II, Doc. 106, Ex. A at 3-4. Although Mr. Szymanski asserts that Mr. Wallace threatened him with physical violence, he does not claim that the threat was made known to Corporal Birkle or any other defendant.

Mr. Szymanski points to no facts from which the inference could be drawn that Mr. Wallace posed a substantial risk of serious harm as a result of the October argument. Not only was the argument nonviolent, but Mr. Szymanski and Mr. Wallace coexisted at the detention center for six weeks afterward without any problems. Therefore, the "keep separate active" designation, even if made in October, is insufficient evidence of the subjective component for deliberate indifference.

Turning to Mr. Szymanski's claims against Sheriff Benton, he asserts that this defendant is liable under the Eighth Amendment because there was long-term, pervasive violence at the detention center of which he was aware. But Mr. Szymanski never claimed to be the victim of pervasive inmate violence.[2] Rather, his complaint is based on the alleged failure of detention-center personnel to protect him from Mr. Wallace.[3] He also does not claim that pervasive inmate violence made it possible for Mr. Wallace to assault him. Because Mr. Szymanski has not shown that Sheriff Benton personally participated in any

---

[2] This argument first appears in Mr. Szymanski's opposition to defendant's motion for summary judgment. He also pursues it in his appellate briefs.

[3] Mr. Szymanski is correct that "a prison official [cannot] escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault," *Farmer*, 511 U.S. at 843. But his claim is based on the threat he claims defendants knew came from Mr. Wallace. Therefore, any general information about other prisoners was irrelevant.

of the circumstances surrounding the assault by Wallace, summary judgment was appropriate. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[P]ersonal participation is an essential allegation in a § 1983 claim." (quotation omitted)). We also reject any claim that Sheriff Benton is responsible for Corporal Birkle's allegedly unconstitutional acts by virtue of his status as the supervisor of the detention center. "[G]overnment officials are not vicariously liable for the misconduct of their subordinates. There is no concept of strict supervisor liability under § 1983." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quotation and brackets omitted).

Mr. Szymanski further contends that defendants were aware of the risk posed by Mr. Wallace because another officer walked between him and Mr. Wallace when escorting him to the medical unit to receive his medication. But this officer was not named as a defendant and Mr. Szymanski makes no showing that any of the defendants even knew about this activity. Therefore, this evidence cannot resist summary judgment.

Next, although he concedes that he did not inform detention-center personnel that he feared that Mr. Wallace would injure him or seek protection, he maintains that this fact cannot be counted against him because announcing this fear in front of other inmates would have labeled him a "snitch." Relying on *Benefield v. McDowall*, 241 F.3d 1267 (10th Cir. 2001), Mr. Szymanski argues that an experienced correctional officer should never compel a prisoner to identify

himself as an informant. In *Benefield*, however, the prisoner alleged that a prison guard labeled him a snitch, communicated that label to other inmates, and "was aware of the obvious danger associated with a reputation as a snitch." *Id.* at 1271. Under those circumstances, the guard violated clearly established law. *Id.* Here, in contrast, Mr. Szymanski does not allege that he could never have found an opportunity between the October verbal altercation and the December assault to privately request protection from Mr. Wallace. We decline to adopt a general rule imposing on prison guards an affirmative duty to inquire privately whether a prisoner fears for his safety, absent a showing that the prisoner could not reasonably voice those concerns without such an inquiry. Accordingly, we conclude that Mr. Szymanski did not adduce sufficient evidence of the subjective component to withstand summary judgment on his Eighth Amendment claim.

We turn briefly to the issue of qualified immunity, which the district court granted to defendants as an alternate ground for summary judgment. To avoid summary judgment in the face of a claim of qualified immunity, a plaintiff must satisfy a "heavy two-part burden" to show: (1) the defendants "violated a constitutional or statutory right," and (2) the right "was clearly established at the time of the defendant[s'] unlawful conduct." *Serna*, 455 F.3d at 1150 (quotations omitted). Because Mr. Szymanski failed to establish the violation of a constitutional right, the district court correctly determined that defendants are entitled to qualified immunity.

*Discovery*

Mr. Szymanski claims the district court erred in denying his motion to compel defendants to produce documents showing the incidents of inmate-on-inmate assaults at the detention center. Defendants responded that they were prohibited from producing the documents because they were "criminal history records which cannot be disseminated pursuant to Wyo. Stat. §§ 7-19-101 *et seq.*" and "also prohibited from dissemination pursuant to the confidentiality requirements of Wyo. Stat. § 16-4-203(b)(i)." R. Vol. II, Doc. 118, Attach. at 2.

We review discovery rulings, including the denial of a motion to compel discovery, for an abuse of discretion. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999). Mr. Szymanski asserts that the court abused its discretion in denying him the requested records and then granting summary judgment to defendants because he had failed to produce evidence that the sheriff knew about pervasive inmate-on-inmate violence at the jail.

As discussed above, Mr. Szymanski's claim was not that he was a victim of pervasive inmate violence, but that officials should have protected him from Mr. Wallace based on their verbal altercation. Under these circumstances, we find no abuse of discretion in the district court's ruling that Mr. Szymanski's request for documents pertaining to institutional security did not overcome the privilege asserted by defendants. We also find no abuse of discretion in the

-11-

district court's decision foreclosing plaintiff's attempt to "use discovery as a fishing expedition," *Anthony v. United States*, 667 F.2d 870, 880 (10th Cir. 1981), in the hope that the requested documents would reveal some wrongdoing by defendants.

*Leave to Amend*

Finally, we consider Mr. Szymanski's argument that the district court erred in not inviting him to amend his complaint a second time in order to correct any deficiencies. The district court granted his first request to amend his complaint, which he did. He did not seek leave to amend again, and the district court was not required to solicit another amended complaint. Moreover, Mr. Szymanski raised this claim for the first time in his reply brief, so we deem it waived or abandoned and do not address the merits. *See State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979, 984 n.7 (10th Cir. 1994). Even if we did, Mr. Szymanski has offered no information on how another amendment would cure the deficiencies in the amended complaint. Consequently, we perceive no error.

*Conclusion*

The district court granted Mr. Szymanski's request to proceed on appeal without prepayment of costs and fees. He is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

The judgment of the district court is AFFIRMED.

Entered for the Court


Michael W. McConnell
Circuit Judge