**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2295
_____

BRIAN C. MOORE,
                                        Appellant

v.

ANGELA D. MANN, individually and in their official capacities;
RENEE FOULDS, individually and in their official capacities; HERING;
BRINER; SGT.  ZAMBONI, individually and in their official capacities;
DAVID VARANO, individually and in their official capacities;
LIEUTENANT LONG, individually and in their official capacities;
JOHN E. WETZEL, individually and in their official capacities

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-02771)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2019

Before:  MCKEE, COWEN, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 14, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Brian C. Moore, a Pennsylvania state prisoner proceeding in forma pauperis, appeals from the District Court's order granting summary judgment to the remaining defendants in a civil rights action he filed pursuant to 42 U.S.C. § 1983. For the reasons discussed below, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.

I.

Moore's complaint alleged that, in 2011, he witnessed his former counselor at SCI-Coal Township, defendant Angela Mann, engaging in inappropriate sexual contact with other inmates. Shortly thereafter, Mann and other corrections defendants allegedly began making inflammatory statements about Moore, calling him a pedophile, gay, and a snitch.[1] Moore claimed that the defendants violated his Eighth Amendment rights by making these statements to other inmates, thereby placing him in a class of vulnerable inmates that are frequently subject to assault. Moore also raised other claims stemming from his allegations that the defendants filed a false misconduct against him, resulting in a sanction of 270 days in the Restricted Housing Unit, and lost prison wages for that time period.

---

[1] Moore is a convicted sex offender. He filed a prison grievance related to the alleged misconduct by Mann and the other defendants.

2

The defendants filed a motion to dismiss, which the District Court granted in part. The District Court dismissed all claims against defendants Varano, Wetzel, and Long for failure to plead their personal involvement; all claims against all defendants in their official capacities for monetary damages, because the claims were barred by the Eleventh Amendment; all state law tort claims because they were barred by sovereign immunity under state law; all due process claims, because Moore's sanction of 270 days' disciplinary confinement and loss of prison wages were insufficient legal interests to trigger due process protection; and all claims based on the violation of criminal statutes and Department of Corrections regulations, as the alleged violation of those statutes and regulations did not state a claim under 42 U.S.C. § 1983.[2]  The District Court denied the motion to dismiss with respect to Moore's Eighth Amendment failure-to-protect claim against the defendants who allegedly disparaged Moore and discussed his criminal history, including defendants Mann, Foulds, Hering, Briner, and Zamboni.

After discovery, the remaining defendants moved for summary judgment.  All of the remaining defendants categorically denied that they discussed Moore's criminal history with other inmates.  Defendant Long added that he interviewed all staff members connected with Moore's grievance, and that none were aware of Moore's allegations.

---

[2] We do not address these claims further, as Moore does not challenge the order granting the motion to dismiss in part.  United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

Additionally, an investigation by the Office of Special Investigations and Intelligence, independent of the grievance process, did not substantiate most of Moore's claims, although Moore did state in that investigation that Mann was labeling him a snitch and openly discussing his criminal history.

Moore opposed the summary judgment motion with his affidavits, an affidavit from a fellow inmate named Terry Shay, the defendants' responses to his interrogatories, and his administrative grievance records. Moore's affidavits state that he overheard the defendants calling him a snitch, gay, and a pedophile in front of other inmates, and that, as a result, other inmates at SCI-Coal Township threatened him with bodily harm in 2011 and 2012. After he transferred to SCI-Smithfield, he encountered the same threats in 2013 and 2014 because a number of inmates were transferred from SCI-Coal Township to SCI-Smithfield. In his brief in opposition to the summary judgment motion, Moore added that those threats have materialized. He stated he was assaulted by inmates at SCI-Coal Township and SCI-Smithfield, though he did not describe those assaults or state that he suffered any physical injuries. Shay's affidavit similarly states that the defendants openly discussed Moore's criminal history, and that inmates at SCI-Smithfield have threatened Moore as a result.

At least one interrogatory response, from defendant Angela Mann, states that disparaging an inmate regarding his criminal history is prohibited under Department of Corrections policy. The grievance records indicate that Moore informed at least

4

defendant Foulds that other defendants, including Mann, were placing him in danger by discussing his criminal history with other inmates. And one of Moore's affidavits states that he informed Foulds of this information around September 2011.

The Magistrate Judge recommended denying the motion for summary judgment. The District Court rejected the recommendation, and granted the motion for summary judgment. The District Court determined that although there was a genuine issue of material fact regarding whether the defendants actually told other inmates that Moore was gay, a pedophile, or a snitch, Moore had not submitted any facts from which a jury could find that the defendants knew of and disregarded the risk of serious harm that those statements would create. This appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's order granting summary judgment. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

III.

The Eighth Amendment protects prisoners from violence at the hands of others, as "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "This constitutional limitation on punishment has been interpreted to impose a duty upon prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (quotation marks and citations omitted). To succeed on a failure-to-protect claim, a plaintiff must show: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. See id. at 747. A prison official is deliberately indifferent to a substantial risk of serious harm if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 834.

Here, the District Court erred in finding that Moore has not submitted any facts suggesting deliberate indifference by the defendants. See Higgs v. Att'y Gen. U.S., 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."). As discussed below, Moore certainly submitted some facts in support of that claim, and we conclude that those facts show a genuine dispute

6

regarding whether the defendants were deliberately indifferent to the risk of telling other inmates that Moore was gay, a pedophile, or a snitch.[3]

The District Court did not consider the contextual and circumstantial evidence that Moore presented. See Hamilton, 117 F.3d at 747 ("A prison official's knowledge of a substantial risk is a question of fact and can, of course, be proved by circumstantial evidence.") (citing Farmer, 511 U.S. at 839). We have previously noted that the sex offender label is stigmatizing in the prison context, and that prison norms may call for the assault of sex offenders. See Renchenski v. Williams, 622 F.3d 315, 326 (3d Cir. 2010). Similarly, other circuits have held that prison officials' failure to protect an inmate labeled a "snitch" constitutes deliberate indifference. See Irving v. Dormire, 519 F.3d 441, 451 (8th Cir. 2008) ("After all, who better knows the opprobrium and consequent effect thereof that attaches to the label of snitch than those who work daily within the inmate population."); Benefield v. McDowall, 241 F.3d 1267, 1271 (10th Cir. 2001); Northington v. Marin, 102 F.3d 1564, 1567 (10th Cir. 1996).

Here, Moore's and Shay's affidavits articulate those prison norms, and suggest the defendants' awareness of them. The affidavits state that the defendants created a risk of serious harm by discussing Moore's criminal history with other inmates, who have both threatened to assault, and assaulted, Moore. In addition, Moore's affidavit and the

---

[3] The parties do not dispute that there is a genuine issue of material fact whether the defendants actually made these statements to other inmates.

7

grievance records indicate that he communicated the risk of harm to at least defendant Foulds.  See Bistrian v. Levi, 696 F.3d 352, 369 (3d Cir. 2012) (deliberate indifference prong of failure-to-protect claim was stated based on fact that plaintiff advised defendants of risk of assault by fellow inmate).  And the discovery response from defendant Mann states that there is a policy which prohibits prison officials from disparaging an inmate regarding his criminal history.  While a knowing violation of a prison policy, standing alone, might not provide sufficient evidence of a constitutional violation, cf. Longoria v. Texas, 473 F.3d 586, 593 n.9 (5th Cir. 2006), when combined with the other evidence in this record, it may provide circumstantial evidence to support a finding of deliberate indifference here.

The defendants argue that Moore has not shown that he was assaulted or suffered any harm.  But an inmate need not wait until an actual attack occurs to obtain relief.  See Helling v. McKinney, 509 U.S. 25, 33 (1993); Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 257 (3d Cir. 2010); see also Benefield 241 F.3d at 1270-72 (inmate allegations that officer labeled him a snitch in front of other inmates, even though inmate had not in fact been assaulted, stated a claim under Eighth Amendment).  Here, there is at least a genuine issue of material fact whether the risk of assault was serious, and whether Moore showed a sufficient likelihood that such injury will result from the defendants' conduct. Cf. Betts, 621 F.3d at 257.

The defendants also argue that Moore is prevented from recovering compensatory damages for mental and emotional injuries because he has not shown that he suffered any physical injuries from any assault. See Mitchell v. Horn, 318 F.3d 523, 534 (3d Cir. 2003) (holding that 42 U.S.C. § 1997e(e) requires a "less-than-significant-but-more-than-*de minimis* physical injury as a predicate to allowing the successful pleading of an emotional injury") (citations omitted). But while Moore has not specifically described his injuries, he does state that he was assaulted on at least two occasions. Thus, we conclude—construing his pro se pleadings liberally and in the light most favorable to him as the nonmoving party—that whether he was assaulted and whether he suffered any physical injuries are live questions.[4]

Accordingly, we will vacate the judgment of the District Court in part, see supra n.2, and remand for further proceedings consistent with this opinion.

---

[4] Of course, if he is unable to show a sufficient physical injury at trial, then 42 U.S.C. § 1997e(e) would apply. We note that even under that scenario, he could still seek injunctive relief, nominal damages, and punitive damages without showing such a physical injury. See Mitchell, 318 F.3d at 533.