Steve **ATUAHENE**, Plaintiff–Appellant,

v.

**CITY OF HARTFORD**, Charles Ayers, Caponetto Enterprises LLC, Precision Foreign Car Service, Valdis Vinkels, John and Jane Does, Defendants–Appellees.

No. 00–7711.

United States Court of Appeals, Second Circuit.

May 31, 2001.

Steve Atuahene, Philadelphia, PA, pro se.

John B. Farley, Esq., Halloran & Sage LLP; Stephen H. Broer, Esq., on the brief, Hartford, CT, for appellees.

Present WALKER, Chief Judge, JACOBS, Circuit Judge, and LARIMER,[*] Chief District Judge.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of

---

[*] The Honorable David G. Larimer of the United States District Court for the Western District of New York, sitting by designation.

said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Steve Atuahene appeals from a May 5, 2000 judgment of the United States District Court for the District of Connecticut (Goettel, *J.*) dismissing his complaint.

On April 7, 1999, Atuahene filed suit against defendants-appellees in district court, alleging a host of constitutional and state common law claims. The complaint failed to differentiate among the defendants, alleging instead violations by "the defendants," and failed to identify any factual basis for the legal claims made. Appellees moved under Fed.R.Civ.P. 12(b)(6) to dismiss the complaint as vague and conclusory in violation of Fed.R.Civ.P. 8 and, in the alternative, for a more definite statement. The district court denied the motions and instead granted a motion by Atuahene to amend the complaint. After Atuahene amended his complaint by adding an introductory paragraph and five new causes of action, appellees repeated their motions. The district court granted appellees' motion in the alternative, and Atuahene filed a second amended complaint. In the second complaint, Atuahene replaced the allegations against "the defendants" with the names of all of the defendants, still failing to identify which defendants were alleged to be responsible for which alleged violations. Appellees once again moved to dismiss the complaint as vague and conclusory, and the district court granted their motions. Atuahene appealed.

 Although Fed.R.Civ.P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir.1961); *see also Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995). By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy this minimum standard, even after the district court graciously accorded him several opportunities to correct its manifest flaws. Consequently, the district court did not abuse its discretion in dismissing the complaint. *See Simmons,* 49 F.3d at 87.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.