FILED
United States Court of Appeals
Tenth Circuit

May 5, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MISTY VANZANDT; S.V., by and
through her mother and next friend,
Misty VanZandt,

     Plaintiffs - Appellees,

v.

OKLAHOMA DEPARTMENT OF
HUMAN SERVICES, State of
Oklahoma ex rel; JOHN DOE, and
JANE DOE, 1 through 10, whose
identities are not known to the
plaintiffs at this time,

     Defendants,

  and

HOWARD H. HENDRICK ,
individually and in his official
capacity as the Director of the
Oklahoma Department of Human
Services; MARY WILLIAMS,
individually and in her capacity as a
supervisor at the Sequoyah County
Branch of the DHS; RUBY JAMES,
individually and in her capacity as a
case worker at the Sequoyah County
Branch of the DHS; JOY WALKER,
individually and in her capacity as the
director of the Sequoyah County DHS;
JAN POLASEK, individually and in
her capacity as a case worker at the
Sequoyah County Branch of the DHS,

     Defendants - Appellants.

No. 06-6377

(D.Ct. No. CIV-06-0809-F)
(W. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ** and **GORSUCH**, Circuit Judges, and **BRIMMER**,[**] District Judge.

## I.  BACKGROUND

Plaintiffs-Appellees Misty VanZandt and S.V. are mother and daughter. S.V. is a four-year-old girl who has allegedly been sexually assaulted many times in the course of her young life.  In an effort to protect her child from these sexual encounters with various family members, Ms. VanZandt sought protection from Oklahoma's Department of Human Services (DHS).  Throughout the course of her dealings with DHS, Ms. VanZandt became angered with what she perceived as a lack of protection for her daughter.   Ultimately, Ms. VanZandt and S.V. fled to Texas to protect S.V. from her abusers.  While Ms. VanZandt and S.V. were living in Texas, certain Oklahoma DHS employees allegedly made deliberate misstatements and submitted a false affidavit to procure an arrest warrant for Ms. VanZandt on felony child abuse charges.  Ms. VanZandt was arrested on those

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]The Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation.

charges.  The charges, however, were later dismissed.

On July 28, 2006, Ms. VanZandt and S.V. filed suit in the United States District Court for the Western District of Oklahoma against the State of Oklahoma Department of Human Services, five named employees of DHS in their individual and official capacities, and ten unnamed individuals.  Plaintiffs seek damages and other relief under 42 U.S.C. §1983 for alleged violations of their constitutional rights and pursuant to various state law tort claims.[1]

The Oklahoma Department of Human Services and the five named DHS employees, Howard Hendrick, Mary Williams, Ruby James, Joy Walker and Jan Polasek filed a motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  The DHS Defendants contend the complaint should be dismissed because Plaintiffs' action is barred by the Eleventh Amendment and that the complaint fails to state a claim for relief.  The district court ruled on Defendants' motion to dismiss on November 20, 2006.  The district court granted the motion to dismiss in part, and denied the motion in part.  The

---

[1]Plaintiffs complaint alleges two claims for relief pursuant to 42 U.S.C. §1983.  Count One alleges violations of Plaintiffs' First, Fourth and Fourteenth Amendment rights by Defendants James, Williams, Walker and Polasek.  Count Two alleges Fourth and Fourteenth Amendment violations by DHS, Hendrick, Williams and Walker for failing to supervise and train employees under their control.  The complaint alleges two factual bases to support both §1983 counts. First, the complaint alleges constitutional violations for events which culminated in the filing of felony child abuse charges against Ms. VanZandt.  Second, the complaint alleges constitutional violations for events related to the care and custody of S.V.

court denied the motion to dismiss Plaintiffs' claims against the individual Defendants pertaining to the events which culminated in the filing of felony child abuse charges against Ms. VanZandt. The district court stated that actionable Fourth and Fourteenth Amendment violations had been pled by the Plaintiffs, and as a result, qualified immunity was inappropriate.[2]

Defendants Hendrick, Williams, Walker, James and Polasek now appeal the district court's partial denial of their motion to dismiss and ask the Court to consider whether the district court erred in not granting them qualified immunity. We affirm the district court in part, and reverse in part, and instruct that Plaintiffs' claims in Count One, be dismissed as to Defendants Williams, Walker and Polasek for failure to state a claim.

## II. DISCUSSION

### A. Scope of the Appeal

Plaintiffs' complaint alleges two claims for relief under 42 U.S.C. § 1983. Count One alleges that Defendants James, Williams, Walker and Polasek personally violated Plaintiffs' First, Fourth and Fourteenth Amendment rights. Count Two alleges that Defendants DHS, Hendrick, Williams and Walker failed to supervise and train employees under their control and thereby violated Plaintiffs' Fourth and Fourteenth Amendment rights.

---

[2]The district court dismissed Plaintiffs' Count One claim for alleged First Amendment violations.

Defendants failed to present argument or authority to the Court in their opening brief concerning Count Two (supervisory liability). This Court has on several occasions stated "an appellant's opening brief must identify [his or her] contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007) (citing Fed. R. App. P. 28(a)(9)(a)). Considering this requirement, we have routinely declined to consider arguments that are not raised, or are inadequately presented in an appellant's opening brief. Bronson, 500 F.3d at 1104. Therefore, "the omission of an issue in an opening brief generally forfeits appellate consideration of that issue." Id.

Defendants-Appellants' opening brief broadly states the issue as whether the district court erred in partially denying Defendants' motion to dismiss, which includes the question of whether they are entitled to qualified immunity. Unlike Count One, where Defendants-Appellants argue that various comments and statements made in the course of the investigation do not rise to the level of a constitutional violation for purposes of qualified immunity, their brief is void of any argument or reference to supervisor liability.[3] Not one time did Defendants-

---

[3]The district court stated that the complaint "suggests a pattern of misconduct, and it alleges that the supervisory defendants were deliberate in their actions because these defendants knew the allegations against Misty VanZandt 'were false and contrived to protect certain persons in Sequoyah County.'" (ROA 93 (citing complaint ¶25)). The district court stated these allegations were sufficient in light of Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir.

(continued...)

Appellants argue with regard to training or supervision, or that Count Two was improperly pled. In fact, the only time any briefing can possibly be construed as referencing supervisory liability is Defendants-Appellants' reference to the titles of each individual Defendant.[4] Defendants-Appellants' meager and cursory references, without specifying their contentions, and without supporting analysis and case law, fail to constitute the briefing that is necessary to avoid application of the forfeiture doctrine. Bronson, 500 F.3d at 1105. Therefore, based on the Defendants-Appellants' failure to properly raise the issue of supervisory liability in their opening brief, we have no choice but to conclude that this issue has been effectively waived. This discussion will, therefore, proceed only with regard to Count One of Plaintiffs' complaint.

## B. Standard of Review

We review a district court's denial of qualified immunity *de novo*, applying the same standard used by the district court. Benefield v. McDowall, 241 F.3d 1267, 1270 (10th Cir. 2001). At the time the district court partially denied the

---

[3](...continued)
1988)(stating that allegations that a sheriff failed to properly supervise his deputies, that he was deliberately indifferent to plaintiff's constitutional rights, and that at least three of his deputies participated in the assault, were held sufficient to allege § 1983 claims against the sheriff in his individual capacity for failure to train and supervise deputies).

[4]Appellants' opening brief describes Howard Hendrick as the state "Director of DHS" while Mary Williams is referred to as the "Sequoyah County Director." (Appellants' Opening Brief at 3.) The brief gives no supervisory title to Joy Walker.

-6-

motion to dismiss, many courts, including the district court, embraced a liberal pleading requirement. This liberal standard held, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1246 (10th Cir. 2008) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Accordingly, a complaint containing only conclusory allegations could withstand a motion to dismiss if there was a possibility that a fact not stated in the complaint could render the complaint sufficient. Robbins, 519 F.3d at 1246.

The standard for such a motion to dismiss, however, has changed since the district court's November 20, 2006 order. In May 2007, the United States Supreme Court handed down Bell Atlantic Corp. v. Twombly, — U.S. —, 127 S.Ct. 1955 (2007). The Twombly case announced a new (or clarified) standard for motions to dismiss, and stated that a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." Robbins, 519 F.3d at 1247 (quoting Twombly, 127 S.Ct. at 1974). Thus, Twombly rejected the "no set of facts" standard that had been the motion to dismiss benchmark for many years. 127 S.Ct. at 1974.

Now, the Plaintiff has the burden to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. Robbins, 519 F.3d at 1247 (quoting Twombly, 127 S.Ct. at 1965). In order for a

complaint to satisfy this new standard, a plaintiff must do more than generally allege a wide swath of conduct.  Robbins, 519 F.3d at 1247.  A plaintiff must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible."  Id. (quoting Twombly, 127 S.Ct. at 1974).

This Court, in Robbins, stated that plausibility serves two purposes: (1) to weed out claims that, absent additional pleadings, do not have a reasonable prospect of success, and (2) to inform the defendants of the actual grounds of the claim against them.  519 F.3d at 1248.  A court, therefore, must review a complaint with these purposes in mind.  Not surprisingly, the Twombly Court is critical of complaints that do not mention specific times, places or people involved.  Id.  (citing Twombly, 127 S.Ct. at 1971 n.10).

This Court also acknowledged that the degree of specificity necessary to establish plausibility and fair notice is dependant on the context of the case involved.  Id.  To "nudge their claims across the line from conceivable to plausible," in the context of a case involving qualified immunity, plaintiffs must allege facts sufficient to show that the defendants violated their constitutional rights, and that those rights were clearly established at the time.  Id. at 1249.  This Court stated, "this requires enough allegations to give the defendants notice of the theory under which their claim is made."  Id.

Although we apply the same standard in evaluating dismissals in qualified immunity cases as to dismissals generally, complaints in § 1983 cases against

individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants.  Id.   The Twombly standard has greater "bite" in these contexts, "reflecting the special interest in resolving the affirmative defense of qualified immunity 'at the earliest stage of a litigation.'" Id, (citations omitted). Therefore, in § 1983 cases, a plaintiff must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." Id. at 1250.  Of course, neither Twombly nor Robbins requires, and we do not demand, the sort of specificity required in claims subject to Fed. R. Civ. P. 9(b).

## C.  Defendant Ruby James

With regard to Ruby James, the complaint states, "[i]n an effort to procure felony child abuse charges against Misty, defendant James submitted a false affidavit for use as a statement of 'probable cause' to Special District Court Judge Dennis Sprouse in Sallisaw, Oklahoma on May 5, 2003." (ROA 16.)  The complaint then recites several alleged fabricated statements that were contained in the affidavit, and produces corroborating evidence of these statements' falsity.[5]

---

[5]The complaint alleges that Ruby James' affidavit included the following deliberate misstatements:

(1) No physical evidence has ever been confirmed on the allegations of sexual abuse;
(2) No allegations of domestic violence has ever been made to DHS or law

(continued...)

Finally, the complaint states: "[a]s a result of the false affidavit submitted by defendant James, Misty VanZandt was charged with felony child abuse." (ROA 17.)

These allegations are more than sufficient under the <u>Twombly</u> pleading requirement. First, the complaint gives Ms. James notice that she is the specific defendant at issue by directly naming her. Second, the complaint alleges specific actions Ms. James took against Ms. VanZandt. Third, the complaint alleges a specific date, and purpose for the submission of the false affidavit. Fourth, the complaint contains a detailed factual basis for why Ms. James' statements were indeed false. Finally, the complaint links Ms. James' actions to the end result, which was Ms. VanZandt's arrest. As a result of these detailed factual averments, the Plaintiff has nudged this claim across the line from conceivable to plausible, and has provided sufficient notice of <u>who</u> is alleged to have done <u>what</u> to <u>whom</u>. See <u>id</u>, at 1249-50 (describing the requirements for plausibility and notice pleading under the <u>Twombly</u> standard).

---

[5](...continued)
enforcement; and
(3) S.V. has never indicated that the father or grandfather has ever sexually assaulted her.

The complaint goes on to corroborate the falsity of these statements with names and dates of doctors who confirmed sexual abuse against S.V. The complaint also alleges that Ms. VanZandt had reported incidents of domestic abuse to DHS. Finally, the complaint details counseling sessions where S.V., on two different occasions to two different counselors, admitted to being sexually abused by family members, and how both counselors reported these allegations to DHS.

In addition to notice and plausibility, when a qualified immunity challenge is made at the motion to dismiss stage, there are two distinct inquiries: (1) whether the facts, taken in a light most favorable to the plaintiff, set forth a constitutional violation; and (2) whether the violation was clearly established at the time the conduct took place. See Saucier v. Katz, 533 U.S. 194, 201 (2001). If both of these inquiries can be answered in the affirmative, then the Defendants are not entitled to qualified immunity. Id.

The first question in the present case is whether the alleged intentional or reckless falsification of an affidavit, submitted for the purpose of producing probable cause for an arrest warrant is a constitutional violation. The second question is whether this conduct was clearly established in May 2003. This Court has clearly spoken to both questions. First, this Court in Pierce v. Gilchrist, held that knowingly or recklessly falsifying or omitting evidence, for the purpose of producing information for an arrest warrant, violates a person's Fourth and Fourteenth Amendment rights with "obvious clarity." 359 F.3d 1279, 1285-93, 1300 (10th Cir. 2004). Second, the Pierce Court, in analyzing whether this right was clearly established stated, "[n]o one could doubt that the prohibition on falsification or omission of evidence, knowingly or with reckless disregard for the truth, was firmly established as of 1986, in the context of information supplied to support a warrant for arrest." Id. at 1298. As both prongs of the test for qualified immunity have been clearly satisfied, the district court was correct in

-11-

denying qualified immunity to Ruby James under Count One.

**D. Other "Count One" Defendants**

The complaint, concerning the other Count One Defendants, however, is less clear regarding "<u>who</u> is alleged to have done <u>what</u> to <u>whom</u>."[6] <u>Robbins</u>, 519 F.3d at 1250. The complaint only broadly alleges, "[t]he Defendants assigned to the Sequoyah County office of DHS, mentioned above, and others in concert with them, made deliberate misstatements which caused the plaintiff Misty VanZandt to be charged with a felony. . . ." (ROA 17.)

When Plaintiffs use the phrase "the Defendants assigned to the Sequoyah County office of DHS," presumably they are referring to Defendants Joy Walker, Jan Polasek and Mary Williams, as Howard Hendrick is not employed in the Sequoyah County office and Ruby James has already been separately and individually named. (ROA 17.) This Court, however, does not need to speculate as to the identity of the Defendants these allegations are levied against as "the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants." <u>Id</u>.

To carry their burden, plaintiffs under the <u>Twombly</u> standard must do more than generally use the collective term "defendants." <u>Id</u>. This Court, in <u>Robbins</u>, placed great importance on the need for a plaintiff to differentiate between the

---

[6]The other "Count One Defendants" are Mary Williams, Joy Walker and Jan Polasek.

actions of each individual defendant and the actions of the group as a whole.[7] Id. This is because the purposes of plausibility, notice and gatekeeping, are best served by requiring plaintiffs to directly link an actual individual with the alleged improper conduct. When a plaintiff "fails to isolate the allegedly unconstitutional acts of each defendant," adequate notice is not provided to each defendant. Id.

In the present case, Plaintiffs, with respect to the "other Count One Defendants," failed to meet the minimal pleading requirements of notice and plausibility. By stating "the defendants assigned to the Sequoyah County office" Plaintiffs fail to individualize each Defendant's alleged misconduct from the Defendants as a collective group. As multiple governmental actors are involved in this §1983 action, notice and plausibility are best served by specifically stating "who is alleged to have done what to whom." See id. Because Plaintiffs have failed to meet these minimal notice pleading requirements, further analysis of qualified immunity and plausibility is not needed. As such, the district court erred in not granting qualified immunity to Defendants Joy Walker, Mary Williams, and Jan Polasek under Count One of the complaint.

---

[7]The Robbins Court cited Attuahene v. City of Hartford, 10 F.App'x 33, 34 (2d Cir., 2001) (unpublished); Medina v. Bauer, 2004 WL 136636, *6 (S.D.N.Y., Jan. 27, 2004) (unpublished); and Lane v. Capital Acquisitions and Mgmt. Co., 2006 WL 4590705, *5 (S.D. Fla., April 14, 2006) (unpublished) in support of its proposition that failing to differentiate among the defendants is proper grounds to dismiss a complaint for failing to provide fair notice under Rule 8. Robbins, 519 F. 3d at 1250.

## III. CONCLUSION

For these reasons the district court's partial denial of qualified immunity is **AFFIRMED** in part, and **REVERSED** in part, and we **REMAND** with instructions to dismiss Count One of the complaint as to Mary Williams, Joy Walker and Jan Polasek, without prejudice, for failure to state a claim on which relief can be granted.

**Entered by the Court:**

**CLARENCE A. BRIMMER**
United States District Judge