F I L E D
United States Court of Appeals
Tenth Circuit

MAR 19 2002

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LIONEL JOHNSON-BEY,

     Plaintiff-Appellant,

v.

M.E. RAY, Warden, USP Leavenworth;
E. PIERCE, Unit Manager, A-1, USP
Leavenworth; R. SWANSON, Counselor,
A-1 Unit, USP Leavenworth; J. TROTT,
A-1 Unit, Case Manager, USP
Leavenworth; (FNU) KENNY,

     Defendants-Appellees.

No. 01-3382

(D.C. No. 01-CV-3172-GTV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY** and **BRISCOE,** Circuit Judges.

     After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Lionel Johnson-Bey, a federal prisoner appearing pro se, appeals from the district court's dismissal of his civil rights action brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, affirm in part, reverse in part, and remand for further proceedings.

The facts alleged in plaintiff's complaint all occurred while plaintiff was housed at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth). In July 2000, plaintiff was allegedly ordered to share a cell with convicted World Trade Center bomber Mahmud Abouhalima. After refusing to comply with the order, plaintiff was placed in a special housing unit (SHU), a false report was allegedly filed against him charging him with possession of a knife found in Abouhalima's cell, and false information was allegedly provided to Abouhalima indicating that plaintiff had attempted to set him up for a disciplinary violation. Plaintiff alleged that these actions were the product of racial and religious discrimination on the part of several correctional officers employed at USP-Leavenworth, all of whom were named as defendants in plaintiff's complaint. Because the defendants' actions allegedly made it unsafe for plaintiff to remain at USP-Leavenworth, plaintiff requested relief in the form of a transfer to a federal facility in Nebraska or Iowa. Plaintiff also requested $1,500 per day for the racial and religious discrimination, and $1.8 million for the "mental, emotional duress" caused to him by the defendants' conduct. Complaint at 6.

2

Subsequent to the filing of his complaint, plaintiff was transferred from USP-Leavenworth to a federal correctional facility in Lompoc, California. Plaintiff thereafter filed supplemental pleadings alleging that he was in danger at Lompoc and continued to suffer mental distress because at least one of Abouhalima's co-defendants was housed there. Plaintiff requested a transfer from Lompoc to facilities in Missouri, Illinois, or Minnesota.

The district court dismissed plaintiff's complaint for failure to state a claim upon which relief could be granted. In doing so, the district court concluded that plaintiff's transfer from USP-Leavenworth to Lompoc rendered moot his request for injunctive relief, and that, in any event, plaintiff had no protected right to be housed in or transferred to any particular facility. The district court further concluded that plaintiff's request for monetary damages for mental or emotional distress was defeated by his failure to allege any "prior showing of physical injury." 42 U.S.C. § 1997e(e). The district court also concluded that plaintiff's allegations of racial and religious discrimination were too vague and conclusory to establish a claim of constitutional deprivation. Lastly, the district court concluded that plaintiff's placement in restrictive confinement did not state a claim of constitutional significance.

We agree with the district court's dismissal of plaintiff's request for injunctive relief, i.e., his request to be transferred to another facility. As the district court correctly noted, an inmate such as plaintiff "has no justifiable expectation that he will be

3

incarcerated in any particular" facility. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); see Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (noting "there is no federal constitutional right to incarceration in any particular prison"). Further, while plaintiff has expressed concerns about his safety due to the presence of certain inmates at Lompoc, he has not alleged that federal correctional officials at Lompoc have failed to fulfill their obligation to take reasonable measures to guarantee his safety. See Farmer v. Brennan, 511 U.S. 825, 833, 847 (1994) (affirming that prison officials have duty to protect prisoners from violence by other prisoners); Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998) (same).

We further agree with the district court that plaintiff failed to state a claim upon which relief could be granted arising out of his initial placement in SHU at USP-Leavenworth. As noted, plaintiff's complaint alleged that he was placed in SHU for failing to follow an order to share a cell with Abouhalima. We are unable to discern any possible constitutional violation arising out of that situation. In particular, there is no allegation that plaintiff was deprived of any procedural due process rights prior to his placement in SHU.

Although it is a closer question, we also agree with the district court's dismissal of plaintiff's claim that one or more officials at USP-Leavenworth filed a false disciplinary report charging him with possession of a knife. Inmates such as plaintiff are entitled to be free from arbitrary actions by prison officials. Protection from such arbitrary actions

4

generally comes in the form of procedural due process rights, e.g., prior written notice of a violation, the right to present witnesses and evidence, a written statement of fact-finding, and a decision by an impartial body. See McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999). Here, there is no assertion by plaintiff, and we are unwilling to assume, that he was deprived of such procedural due process rights following the alleged filing of the false disciplinary report. Thus, he has no viable due process claim. See id. Finally, we agree with the district court that plaintiff failed to offer any substantiation for his conclusory assertion that the filing of the report was racially or religiously motivated.

We conclude the district court erred in dismissing plaintiff's remaining claim, i.e., that one of the officials at USP-Leavenworth falsely informed Abouhalima that plaintiff had attempted to "set him up" for a disciplinary violation (by apparently placing a knife in Abouhalima's cell). While we agree with the district court that plaintiff failed to offer any substantiation for his assertion that this act was racially or religiously motivated, we nevertheless conclude that the act, if true, was sufficient to state a claim upon which relief could be granted. In Benefield v. McDowall, 241 F.3d 1267, 1270-72 (10th Cir. 2001), we held that an inmate had adequately alleged an Eighth Amendment violation when he asserted that a correctional officer deliberately exposed him to the risk of harm at the hands of other inmates by labeling him a "snitch." The facts alleged by plaintiff in this case are sufficiently similar in our view to warrant further proceedings. In particular, a liberal construction of plaintiff's pleadings indicates that the officer's alleged statements

5

to Abouhalima were intended to, and in fact did, increase the risk of physical danger to plaintiff.  The fact that plaintiff suffered no physical injury resulting from the officer's alleged action, though relevant to the issue of damages, see 42 U.S.C. § 1997e(e), does not require dismissal of the claim.  See Searles v. Van Bebber, 251 F.3d 869, 876, 878 (10th Cir. 2001) (concluding that § 1997e(e) limits an inmate's ability to recover for mental or emotional injuries, but does not bar recovery of nominal or punitive damages).

AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings.  Plaintiff is reminded of his obligation to continue making partial payments until the entire balance of the appellate filing fee is paid.

Entered for the Court

Mary Beck Briscoe
Circuit Judge