**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DEXTER HARRIS,

      Plaintiff - Appellant,

v.

MARK ALLAN MATTHEWS, Detective,
Denver Police,

      Defendant - Appellee.

No. 10-1405
(D.C. No. 1:09-CV-02322-REB-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

Dexter Harris, an inmate at the Denver County Jail, filed a 42 U.S.C. § 1983

complaint against Detective Mark Allan Matthews of the Denver Police Department after

Matthews allegedly disclosed Harris' status as a state witness to other inmates in the

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

jail.[1]  Harris claimed this disclosure led to him being assaulted by other inmates and caused him mental and emotional damages.  The district court granted summary judgment to Matthews because Harris had failed to show Matthews' actions caused the assault.  While we agree with that conclusion, we nevertheless remand as the court failed to address Harris' separate mental and emotional damages claim.

## I. FACTUAL BACKGROUND

While incarcerated at the Arapahoe County Detention Facility in Colorado, Harris obtained information from a fellow inmate, implicating the inmate and another individual in a double homicide.  Harris immediately reported the information to law enforcement. In 2005 or 2006, he testified against them in their criminal cases.  As a result of his cooperation, Harris was placed in the witness protection program.

On November 16, 2008, Harris was arrested for robbery and possession of a weapon and placed in the Denver City Jail.  On that same day, Matthews went to the jail to interview Harris on an unrelated matter.  According to Harris:

> When [Matthews] was advised that I had already spoken to an attorney, he became irate and made threats on my life.  When we were in the hallway on the way to the elevators, . . . Matthews released information concerning my state witness status to the [other jail] inmates in an attempt to have me seriously injured or killed.  Two Denver Sheriff officer[]s overheard the incident, and it was reported to Sergeant Pension, who then placed me in administrative segregation for my protection.

(R. at 36.)

In March or April 2009, Harris learned from a fellow inmate that a "hit" had been

---

[1] Because Harris is proceeding pro se, we liberally construe his pleadings.  *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

placed on him by a gang in relation to his testimony. Several months later, on August 24, 2009, while incarcerated at the jail, Harris was kicked down a flight of stairs. He suffered a cut to one of his elbows and hurt his knee. Harris did not see who kicked him but "speculat[ed]" it was two gang members who allegedly were present at the time of the assault. (R. at 119.)

In May 2009, Harris reported Matthews' conduct on November 16, 2008 to the Denver Police Department's Internal Affairs Bureau. The Bureau closed the complaint as untimely because it was filed more than six months after the incident.

## II. PROCEDURAL BACKGROUND

Harris filed a civil rights complaint against Matthews[2] alleging Matthews violated his due process rights under the Fourteenth Amendment[3] by releasing his state witness status to other inmates in the Denver City Jail. He claimed Matthews' actions resulted in the August 24 assault and Harris being "placed on medication to deal with the unrelenting fear [he] suffer[s] everyday." (R. at 36.) He sought declaratory and injunctive relief as

---

[2] Harris also sued Gerry Witman, the Chief of the Denver Police Department, and John Burback, the Commander of the Denver Police Department's Internal Affairs Bureau. The district court dismissed these individuals for lack of personal participation in the alleged deprivation of Harris' constitutional rights. Harris does not challenge that ruling on appeal.

[3] In other pleadings, Harris couched his claim in the Eighth Amendment. However, because he was a pretrial detainee at the time of the alleged constitutional violation, the Due Process Clause of the Fourteenth Amendment governs. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *see also McClendon v. City of Albuquerque*, 79 F.3d 1014, 1022 (10th Cir. 1996). Nevertheless, "the Eighth Amendment standards applicable to convicted persons provide the benchmark [for such claims]." *McClendon*, 79 F.3d at 1022.

- 3 -

well as compensatory and punitive damages.

Matthews filed a motion for summary judgment arguing Harris had failed to establish a causal connection between Matthews' alleged actions and the August 24 assault.[4]  The district court agreed:

> Notably, Harris does not know who assaulted him, and no statements were made to Harris at the time of the assault, or shortly thereafter, that provide any indication of the motive for the assault. . . .  [A]t least four months passed between [Matthews'] alleged release of information and any threat or assault directed at Harris.  In his response . . . to the motion for summary judgment, Harris notes that, in his deposition, he testified that two members of the organization against whom Harris had testified were present when Harris was kicked down the stairs.  A couple of days earlier, Harris says, these two individuals had attempted to question Harris about the information Detective Matthews allegedly released to inmates in the city jail.  This portion of Harris's deposition is not included with the motion for summary judgment or with Harris's response.  Thus, there is no competent evidence in the record to establish the facts on which Harris relies in his response.
>
> . . . .
>
> [V]iewing the evidence in the record in the light most favorable to Harris, no reasonable fact finder could find that Detective Matthews' alleged release of information was a cause of the assault Harris suffered on August 24, 2009.  Causation is an essential element of Harris's § 1983 claim against Detective Matthews and, absent evidence in the record that might establish causation, Detective Matthews is entitled to summary judgment.

(R. at 160-62.)

Harris filed a timely notice of appeal.  The district court denied his motion to proceed *in forma pauperis* (*ifp*) on appeal.[5]

---

[4] Matthews denied the allegations but conceded them for purposes of summary judgment.

[5] After filing his notice of appeal, Harris filed a motion for entry of default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure, a motion for new

## III. STANDARD OF REVIEW

"We review summary judgment decisions de novo, applying the same legal standard as the district court." *Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1104 (10th Cir. 2008). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Sanders,* 544 F.3d at 1105 (quotations omitted).

## IV. DISCUSSION

Harris' complaints, while numerous, are essentially two-fold. First, he argues the court erred in determining he had failed to establish Matthews' actions caused the August 24 assault based on the amount of time that lapsed between the two events and the mere fact that the gang members who pushed him down the stairs did not say anything to him

---

trial under Rule 59(a) of the Federal Rules of Civil Procedure and a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. The district court denied these motions. In his opening brief, Harris attempts to challenge the denial of his motion to alter or amend judgment. However, Harris did not file a new notice of appeal or amend his previous notice of appeal to include the court's denial of that motion. *See* Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof bring appealed."), 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of [a post-trial] motion . . . must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion."). Therefore, we lack jurisdiction to review that denial. *See Foote v. Spiegel*, 118 F.3d 1416, 1422 (10th Cir. 1997); *see also Kibbe v. Williams*, 392 Fed. Appx. 648, 651 (10th Cir. 2010).

Unpublished opinions are not binding precedent. 10th Cir. R. App. P. 32.1(A). We mention *Kibbe* and the other unpublished opinions cited in this decision as we would opinions from another circuit, persuasive because of their reasoned analyses.

- 5 -

at the time of the assault.  He says it is obvious the gang members were responsible for the assault as they were present at the time of the assault and had questioned Harris about the information Matthews had disclosed a few days prior to the assault.  He also contends the delay between Matthews' disclosure of information and the assault was due to the fact that the information had to "find its way" from the jail to the gang and then from the gang back to Harris in jail.  (Appellant's Reply Br. at 8.)  Second, he contends the court's ruling was premature as Matthews never responded to or defended against his claim for mental and emotional damages.  According to Harris, he suffered "unrelenting," "life-threatening fear" due to Matthews' actions and, as a result, has had to undergo treatment and been prescribed medications.  (Appellant's Opening Br. at 10.)

A.    <u>August 24 assault</u>

The district court did not consider Harris' allegations that two gang members were present at the time of the assault and had questioned him about his state witness status a few days prior to the incident because the relevant portions of Harris' deposition (pages 98 and 99) had not been included with the motion for summary judgment or Harris' response to the motion.  That is only partially correct.  While page 99 of Harris' deposition was not provided to the district court at the summary judgment stage, page 98 was attached to Matthews' motion.  Nevertheless, the only information page 98 provided is that Harris "speculat[ed]" that two gang members were the instigators of the assault.  (R. at 119.)  Therefore, the only evidence before the court at the time of summary judgment was Harris' "speculation" that two members of Ray's gang assaulted him.  That is clearly insufficient to establish Matthews' actions in November 2008 caused the

August 2009 assault.  *See Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990) (in order to state a § 1983 claim, a plaintiff must show the defendant "cause[d]" the constitutional deprivation; that causal connection is demonstrated "if the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights") (quotations omitted); *see also Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise.").

Nevertheless, even were we to consider Harris' testimony on page 99 of his deposition and assume his assailants were two gang members who had questioned him about his state witness status a few days before the assault, we would reach the same conclusion.  There is no evidence, other than rank speculation, that Harris' assailants obtained the information concerning his state witness status from Matthews' disclosure, as opposed to the fact that Ray and Owens were both present when Harris testified against them in court.  Again, that is not enough and Harris has failed to establish Matthews' disclosure caused the assault.

B.     Mental and Emotional Damages

The district court did not address Harris' claim that he suffered mental and emotional damages as a result of Matthews' actions.[6]  Nor did Matthews address it in his

---

[6] Harris informed the district court that it had failed to address his mental and emotional damages claim in his post-judgment motions.  The district court denied these motions without explicitly addressing the mental and emotional damages claim or its failure to address it in its summary judgment order.

motion for summary judgment.[7]  However, it is clear throughout the record that Harris is

claiming he suffered mental and emotional damages as a direct result of Matthews'

actions, irrespective of the assault.[8]

---

[7] Matthews did not address the claim despite questioning Harris as follows at his deposition:

> Okay.  Now there's a second component to the injuries, and you talked about that a little bit.  Just now you talked about there's the mental health aspect, the emotional pain.  And you gave a good description about that.  You talked to me about the threat you feel that you're under now, but I wanted to ask you about that *because you mention it in your Complaint . . .* .  You said you're under medication to treat anxiety.  Are you still under medication to treat anxiety?

(R. at 187 (emphasis added).)  Matthews then proceeded with questions concerning the treatment Harris has received for his mental and emotional distress.

[8] Harris alleged in his complaint: "Since [Matthews disclosed my state witness status] . . . I've been placed on medication to deal with the unrelenting fear that I suffer everyday."  (R. at 36.)  In his response to Matthews' summary judgment motion, he stated:

> The release of this information in the manner in which it was done, (to other inmates), placed the Plaintiff in greater danger than he previously suffered.  "But for" [Matthews'] actions, the Plaintiff's mental and emotional distress would not exist . . . .  After [Matthews' actions], the Plaintiff has since been placed on medication to cope with the turmoil that he lives with everyday since [Matthews'] actions.  The Plaintiff has never been prescribed medication for excessive fear, or under the care of a mental health physician, until [Matthews'] actions . . . .

(*Id.* at 127.)  And in the Final Pretrial Order, he claimed:

> As a result of [Matthews'] actions, . . . Plaintiff has . . . suffered severe mental and emotional problems and has been placed under the care of a Mental Health Physician, and is undergoing treatment, and medications . . . .  There is no question that [Matthews'] actions are the ***Cause***[] of the Plaintiff's mental and emotional distress, for which he is being treated.

(R. at 139-41.)

"[P]rison officials have a duty [under the Eighth Amendment] to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotations omitted). In a number of cases, we have held that labeling an inmate a "snitch" or otherwise inciting other inmates to harm an inmate states an Eighth Amendment violation, regardless of whether the inmate is ever actually physically harmed. *See, e.g., Benefield v. McDowall*, 241 F.3d 1267, 1271-72 (10th Cir. 2001) (holding it is clearly established law that labeling an inmate a snitch and informing other inmates of that label with knowledge of the obvious risk of danger associated with that label violates the Eighth Amendment even though the inmate is never actually harmed; "a violation of the Eighth Amendment does not turn on the type [of] relief sought" and "may be implicated not only to physical injury, but also by the infliction of psychological harm"); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (holding plaintiff's claim that he was assaulted by other inmates as a result of a jail guard telling inmates that he was a snitch stated an Eighth Amendment violation); *Brown v. Narvais*, 265 Fed. Appx. 734, 735-36 (10th Cir. 2008) (unpublished) (allegation that defendant disclosed plaintiff's status as a child molester knowing such label would subject the plaintiff to serious bodily harm stated an Eighth Amendment violation even though the plaintiff was never actually physically attacked); *Johnson-Bey v. Ray*, 38 Fed. Appx. 507, 510 (10th Cir. 2002) (unpublished) (plaintiff's allegations that correctional officer intentionally told another inmate that plaintiff had tried to set him up for a disciplinary violation in order to place plaintiff in danger stated an Eighth Amendment violation; "[t]he fact that plaintiff suffered no physical injury resulting from the officer's alleged

action, although relevant to the issue of damages, does not require dismissal") (citation omitted); *Purkey v. Green*, 28 Fed. Appx. 736, 745 (10th. Cir 2001) (unpublished) ("A prisoner states an Eighth Amendment violation by alleging that a prison official intended to cause him serious harm by inciting other inmates to do violence against him. While an idle threat of impending physical harm that is not carried out will not suffice to state an Eighth Amendment claim, an imminent threat of serious harm, even though injury never actually occurs, will suffice.") (citation and quotations omitted).

It is unclear from the current record whether Harris can prevail on his claim for mental and emotional damages or whether Matthews has any defenses to that claim other than 42 U.S.C. § 1997e(e), which does not preclude relief in this case.[9] Therefore, we remand this matter to the district court to allow it to decide the issue in the first instance. *See Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1238 (10th Cir. 2005) ("Where an issue has been raised, but not ruled on, proper judicial administration generally favors

--------

[9] Matthews finally addressed Harris' mental and emotional damages claim in response to Harris' motion for new trial and motion to alter or amend judgment, arguing those damages were barred under 42 U.S.C. § 1997e(e). He repeats that argument on appeal. Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." While § 1997e(e) bars compensatory damages for mental and emotional injuries suffered by a prisoner (regardless of the nature of the right asserted) unless he also suffered physical injury, it does not bar recovery of nominal or punitive damages for violations of a prisoners' constitutional rights. *See Searles v. Van Bebber*, 251 F.3d 869, 878-79, 881 (10th Cir. 2001). Nor does it affect actions for declaratory or injunctive relief. *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 808 (10th Cir. 1999). In addition to seeking compensatory damages, Harris seeks a declaration that Matthews' actions violated his constitutional rights. He also requests punitive damages. These damages claims would not be precluded by § 1997e(e).

remand for the district court to examine the issue initially."); *see also Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1209 (10th Cir. 2007) (remanding to the district court to decide a claim which the court failed to address in its summary judgment order).

We **AFFIRM** the district court's judgment in favor of Matthews on Harris' claim that Matthews' disclosure caused the August 2009 assault. We **REMAND** Harris' mental and emotional damages claim for further proceedings consistent with this Order and Judgment. We **GRANT** Harris' motion to proceed *ifp* on appeal and remind him that he is obligated to continue making partial payments until the entire fee has been paid.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge